524 JOHNSTOWN ROAD
CHESAPEAKE, VA 23322

National Legal
FOUNDATION

PHONE 757.463.6133
NATIONALLEGALFOUNDATION.ORG

July 24, 2025

VIA EC/CMF ONLY

Nwamaka Anowi, Clerk
Lewis F. Powell, Jr., United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

Re: Notice of Supplemental Authority; *Polk v. Montgomery County Public Schools*, No. 25-1136

Dear Ms. Anowi:

Pursuant to Federal Rule of Appellate Procedure 28(j), we bring to the Court's attention the decision of the Supreme Court of the United States in *Mahmoud v. Taylor*, 145 S. Ct. 2332 (2025), *available at* 2025 WL 1773627.

The *Mahmoud* decision is relevant to the following issues argued by Ms. Polk:

1. As in this appeal, *Mahmoud* involved the denial of a preliminary injunction. The Court set out the standard for review, including that any deprivation of a constitutional right constitutes irreparable injury. 145 S. Ct. at 2350, 2364. (Polk Opening Br. at 5-6.)

2. As in this appeal, in *Mahmoud* the school district relied on *Employment Division v. Smith* to excuse its violation of free exercise rights. The Court held, "When the burden imposed is of the same character as that imposed in [*Wisconsin v.*] *Yoder*, we need not ask whether the law at issue is neutral or generally applicable before proceeding to strict scrutiny." *Id.* at 2361. Here, the burden imposed on Ms. Polk is of the same character as that imposed in *Yoder*. Both involve individuals whose free exercise rights are infringed in public school situations, together with

infringements of other constitutional rights—in *Yoder*, parental rights, and, here, free speech and parental rights. (Polk Opening Br. at 6-9.)

3. As in this appeal, in *Mahmoud* parental rights were in issue. The Court reaffirmed that the "practice of educating one's children in one's religious beliefs, like all religious acts and practices, receives a generous measure of protection from our Constitution" that extends to what happens at school. *Id.* at 2351-52, 2363. Here, Ms. Polk seeks relief from being compelled by the school policy to violate those parental rights which are often informed by religious belief. (Polk Opening Br. at 23-25.)

4. As in this appeal, in *Mahmoud* the school district relied on several interests allegedly promoting "equity" and preventing hurt feelings among students. The Court found that these purported interests are not compelling. *Id.* at 2363. (Polk Opening Br. at 32-41; Polk Reply Br. at 16-20.)

Respectfully submitted,

s/ Steven W. Fitschen
Steven W. Fitschen
The National Legal Foundation
524 Johnstown Road
Chesapeake, Virginia 23322
(757) 463-6133
sfitschen@nationallegalfoundation.org

Attorney for Appellant

## CERTIFICATE OF SERVICE

I certify that on July 24, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Steven W. Fitschen
Steven W. Fitschen
The National Legal Foundation
524 Johnstown Road
Chesapeake, Virginia 23322
(757) 463-6133
sfitschen@nationallegalfoundation.org

Attorney for Appellant